IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARISSA SALLEE,

      Plaintiff,

v.                                                                                   Civ. No. 20-757 MV/SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

      Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Magistrate Judge Steven C. Yarbrough's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 32) filed on September 30, 2021. In his PFRD, Judge Yarbrough recommends that the Court deny Plaintiff's "Motion To Reverse The Administrative Law Judge (ALJ's) Unfavorable Decision Dated November 19, 2019, Or Alternatively, To Remand The Case Back To The Administrative Law Judge," because substantial evidence supports the decision below and Plaintiff identified no harmful legal error in the proceedings. Plaintiff filed objections to the PFRD on October 13, 2021, Doc. 33. Having reviewed the PFRD, Plaintiff's objections, and the relevant law, the Court agrees with Magistrate Judge Yarbrough's analysis and accordingly will adopt the PFRD.

Plaintiff raises two objections. First, she argues that there is no substantial evidence supporting the conclusion that she was not disabled during the closed period of March 2016 through July 2019. Doc. 33 at 2. During this period, Ms. Sallee underwent extensive treatment after fracturing her back in multiple places. AR 22. This included surgeries, and rods and screws which were inserted in her back for three years. *Id.* As the ALJ recognized, Plaintiff required the

use of a walker, underwent physical and occupational therapy, and experienced complications in 2018 when she struggled with a MRSA infection. *Id.* The rods and screws were removed in January 2019. *Id.*

In her motion to remand, Plaintiff emphasized the following evidence that she "greatly suffered from March 2016 to the present":

- She was hospitalized for thirty days in February and March 2016.

- She underwent surgery on March 2, 2016 where rods and screws were inserted into her back.

- In September 2016, she was noted to have chronic back pain.

- In January 2017, her right knee pain was noted to be worse.

- She experienced debilitating pain while the rods and screws were in her back.

- In March 2018, she was noted to have a lack of range of motion, an inability to extend her back, and chronic back pain.

- In January 2019, the rods and screws were removed. An infection developed. Her PICC line was removed in March 2019 but her wound was still leaking. She experienced severe back pain.

Doc. 23 at 9-10.

Judge Yarbrough found that the ALJ considered all this evidence, and that substantial evidence supported the ALJ's decision that Plaintiff was not disabled at all relevant times, including from March 2016 to July 2019. Doc. 32 at 6-8, 22. Plaintiff argues that the medical evidence on which the ALJ relied to find her not disabled does not relate to "the time period of March, 2016 through the latter part of 2018." Doc. 33 at 3. Plaintiff emphasizes evidence regarding her admittance to the hospital in September 2016, and her complaints of pain in medical records dated November 2019 and March 2018. *Id.* at 3-4.

Plaintiff is incorrect that none of the medical evidence the ALJ cited dates between from March 2016 to late 2018. As Judge Yarbrough found, the ALJ discussed and cited a variety of

medical evidence supporting a finding of non-disability during this time period (with dates of the relevant evidence added to the ALJ's opinion in bold):

> During late March of 2016, the claimant required the use of a front wheeled walker (2F/3 [AR 392, dated **March 24, 2016**]; 3F/18 [AR 431, dated **March 21, 2016**]). She was also referred for physical and occupational therapy (2F/5 [AR 394, dated **March 24, 2016**]). By March 31, 2016, the claimant was dismissed from occupational therapy due to gains in strength, endurance, and increased independence in activities of daily living (2F/22 [AR 411, dated **March 31, 2016**]). By June of 2016, the claimant was able to stand and walk with a non-antalgic gait (4F/8 [AR 474, dated **June 7, 2016**]). The claimant testified that she pushed herself hard during her recovery and she was only in the hospital for three weeks (Hearing Testimony [AR 62, discussing the period of **March 2016**]). Likewise, during 2018, the claimant was able to walk with a normal, reciprocal gait without the use of an assistance device (E.g., 7F/1 [AR 667, dated **January 6, 2018**]; 8F/4 [AR 677, dated **January 7, 2018**]; 10F/7 [AR 758, dated **April 10, 2018**]). . . .
>
> Five months after her spinal surgery, the claimant was doing well so it was proposed that the instrumentation be removed to preserve her motion segments at other disc levels (4F/6-7 [AR 472-73, dated **August 23, 2016**]). However, this was postponed due to other health issues. . . .
>
> Prior to this, the claimant's back pain was noted to be mild and stable (E.g., 5F/6 [AR 645, dated **March 9, 2017**], 14-15 [AR 653-54, dated **September 6, 2016**]). The claimant also managed her back pain with rest, massage, warm compresses, and medication (9F/42 [AR 722, dated **November 28, 2017**], 44 [AR 724, dated **November 28, 2017**], 49 [AR 729, dated **September 1, 2017**]). The claimant acknowledged some relief of her back pain with her medications (9F/54 [AR 734, dated **November 28, 2016**]). The claimant also had a decreased range of motion in her back . . . . However, her spinal alignment was normal (E.g., 5F/6 [AR 645, dated **March 9, 2017**], 14 [AR 653, dated **September 6, 2016**]).
>
> . . . . At times, the claimant exhibited slightly reduced strength in her left lower extremity, hips, and knees . . . Despite this, she maintained grossly normal strength and tone in her bilateral upper extremities with only the slight decrease in her bilateral lower extremities (E.g., 2F/12 [AR 401, dated **March 25 and March 31, 2016**]; 3F/14 [AR 427, dated **February 27, 2016**]; 8F/4 [AR 677, dated **January 7, 2018**]; 13F/620 [AR 1453, dated May 22, 2019]; 16F/247 [AR 2039, dated September 20, 2019]). With continued physical therapy, the claimant's strength and endurance increased (E.g., 2F/18 [AR 407, dated **March 31, 2016**]; 17F/14 [AR 2054, dated August 30, 2019]). In addition, she had grossly normal hand strength and coordination bilaterally (2F/19 [AR 408, dated **March 31, 2016**]). She was also able to move all extremities with full ranges of motion without pain or difficulty (1F/22 [AR 387, dated **February 27, 2016**]; 15F/39 [AR 1673, dated August 9, 2019]). The claimant's bilateral upper extremities

3

> maintain functional ranges of motion, including in her hands (2F/18[AR 407, dated **March 31, 2016**]; 8F/5 [AR 678, dated **January 7, 2018**]). Likewise, she had normal ranges of motion in her bilateral lower extremities, including in her left ankle once it was out of a cast (2F/12 [AR 401, dated **March 25 and March 31, 2016**], 16 [AR 405, dated **March 25 and March 31, 2016**]; 8F/6 [AR 679, dated **January 7, 2018**]). The claimant also maintained intact sensation in her bilateral lower extremities (E.g., 2F/16 [AR 405, dated **March 25 and March 31, 2016**]; 8F/4 [AR 677, dated **January 7, 2018**]). Of note, the claimant was regularly not in any acute distress (E.g., 1F/22 [AR 387, dated **February 27, 2016**]; 5F/5 [AR 644, dated **March 9, 2017**]; 8F/3 [AR 676, dated **January 7, 2018**]; 10F/15 [AR 766, dated **March 16, 2018**]; 15F/101 [AR 1735, dated August 31, 2019]).

AR 22-23.

In addition, the ALJ discussed and evaluated the persuasiveness of medical opinions that evaluated her physical limitations during this time period. AR 25 ("Disability Determination Services consultants Leah Holly, D.O., and Karl K. Boatman, M.D., concluded that **since February 27, 2016**, the claimant could [work]" (emphasis added)); AR 15 ("Athanasios Manole, M.D., conducted a consultative physical examination of the claimant **on January 7, 2018** (8F). Dr. Manole opined that the claimant had mild to moderate limitations as to walking, especially for far distances, and moderate limitations in bending" (emphasis added)). As Judge Yarbrough noted, these opinions constitute substantial evidence. Doc. 32 at 14.

In sum, the Court rejects the argument that no substantial evidence supports the conclusion that Plaintiff was disabled for the closed period between March 2016 and July 2019. The evidence Plaintiff cites regarding her pain does not overwhelm the evidence cited by the ALJ in support of the finding of non-disability.

Second, Plaintiff argues that the ALJ did not sufficiently consider the combination of all her impairments. As Judge Yarbrough noted, an ALJ must consider the combined effects of all the claimant's impairments, both severe and non-severe, throughout the disability determination process. Doc. 32 at 20. Plaintiff argues that Judge Yarbrough found the ALJ satisfied this duty

4

because the ALJ included boilerplate in the decision saying that he did. Doc. 33 at 5. Plaintiff is correct, but Plaintiff does not acknowledge the published Tenth Circuit precedent holding that this boilerplate is sufficient. *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) ("The ALJ stated that he considered all of her symptoms in assessing her RFC. Our general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter. Furthermore, the ALJ's discussion of the evidence and his reasons for his conclusions demonstrate that he considered all of Ms. Flaherty's impairments.") (citations and internal alterations omitted)). Similarly here, the Court accepts the ALJ's representation that he considered the combined effect of all Plaintiff's impairments. Further, as Judge Yarbrough found, the ALJ's discussion of the evidence related to mental limitations at steps three and four demonstrates that the ALJ considered Plaintiff's mental impairments in combination with her physical impairments. Doc. 32 at 21 (citing AR 24-25).

Plaintiff does not present any reason to depart from this Tenth Circuit decision. Therefore, the Court affirms the ALJ's decision because the ALJ stated that he fulfilled his duty to consider the combined effect of all impairments.

**IT IS THEREFORE ORDERED THAT:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 32) is ADOPTED.

2. Plaintiff's Motion To Reverse The Administrative Law Judge (ALJ's) Unfavorable Decision Dated November 19, 2019, Or Alternatively, To Remand The Case Back To The Administrative Law Judge is DENIED.

_____
UNITED STATES DISTRICT JUDGE